UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LATROY HALL, # 303394,

        Plaintiff,

v.                                            Case Number: 10-CV-13587
                                              Honorable Victoria A. Roberts

DR. EDELMAN, et.al.,

        Defendants.
                                       /

## OPINION AND ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH

### I. INTRODUCTION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff, Michael LaTroy Hall, leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the Complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* Complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Plaintiff, an inmate at the Parnall Correctional Facility in Jackson, Michigan, filed this civil rights action naming approximately sixty-one Defendants, including (1) several officials at Michigan Department of Corrections, (2) employees at the Parr Highway Correctional Facility in Adrian, Michigan, (3) employees at the Alger Maximum Correctional Facility in Munising,

Michigan, (4) employees at the Cooper Street Correctional Facility in Jackson, Michigan, (5) employees at the Marquette Branch Prison in Marquette, Michigan, (6) employees at the Parnall Correctional Facility in Jackson, Michigan, (7) employees at the Duane Waters Health Center in Jackson, Michigan, and (8) employees at the Michigan State Industries.

In his *pro se* Complaint, Plaintiff alleges that he was denied medical treatment of his right inguinal hernia at the various facilities, and was moved to the different facilities in retaliation for grieving the denial of medical care. Plaintiff was treated numerous times at all of the facilities but is displeased with the treatment. He contends that because of the "non-treatment," he suffers from pain, mental anguish, and emotional stress. He seeks monetary damages.

The Court dismisses the complaint for failure to state a claim upon which relief may be granted. The Court also concludes that an appeal cannot be taken in good faith.

## II. DISCUSSION

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws, and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's claims fall under the Eighth Amendment. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals. A failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's needs for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001) (citing *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1188 (11th Cir. 1994)).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer*, 511 U.S. at 835, but can be "satisfied by something less

than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. The Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct.29, 1996). This is so even if there is an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr.4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *Brock v. Crall*, No. 00-5914, 2001 WL 468169, at *2 (6th Cir. Apr.27, 2001); *Jones v. Martin*, No. 00-1522, 2001 WL 223859, at

*1 (6th Cir. Feb.28, 2001); *Williams v. Mattson*, No. 99-1796, 2000 WL 924145, at *1 (6th Cir. June 28, 2000); *Davis v. Ulep*, No. 97-2124, 1999 WL 98390, at *1 (6th Cir. Jan.29, 1999); *Cain v. Huff*, No. 96-1613, 1997 WL 377029, at *4 (6th Cir. July 2, 1997); *Gabehart*, 1997 WL 160322, at *2.

Plaintiff's complaint concerning the specific treatment received does not support an Eighth Amendment claim. Therefore, his Complaint is subject to summary dismissal.

### III. CONCLUSION

For the reasons stated, the Court concludes that Plaintiff failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the Court **DISMISSES** Plaintiff's Civil Rights Complaint **WITHOUT PREJUDICE**. The Court also concludes that an Appeal from this Order would be frivolous and cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: October 12, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record and Michael Latroy Hall by electronic means or U.S. Mail on October 12, 2010.

s/Carol A. Pinegar
Deputy Clerk