UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LATROY HALL, # 303394,

        Plaintiff,

v.                                                Case Number: 10-CV-13587
                                                 Honorable Victoria A. Roberts

DR. EDELMAN, et.al.,

        Defendants.
_____/

### OPINION AND ORDER DENYING MOTION FOR
### REHEARING AND DENYING MOTION TO AMEND PLEADINGS AS MOOT

#### I.  INTRODUCTION

On October 12, 2010, the Court dismissed Plaintiff Michael LaTroy Hall's Civil Rights Complaint brought under 42 U.S.C. § 1983, because it failed to state a claim upon which relief could be granted.  Pending before the Court is Plaintiff's Motion for Rehearing, which the Court will construe as a Motion for Reconsideration under Local Rule 7.1 of the Eastern District of Michigan.  Along with that Motion, Plaintiff also filed a Motion to Amend his Pleadings.  He is requesting that the Court reconsider its Opinion and Order dismissing his Complaint.

The Court denies Plaintiff's Motion for Rehearing; his Motion to Amend the Pleadings is denied as moot.

#### II.  DISCUSSION

The Eastern District of Michigan Local Rule 7.1(h) allows a party to file a Motion for Reconsideration.  However, a Motion for Reconsideration which presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, will not be granted.  *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F.Supp.2d 628, 632 (E.D. Mich.

2001); *see also Williams v. McGinnis*, 192 F.Supp.2d 757, 759 (E.D. Mich. 2002) (same). Rather, a Motion for Reconsideration will be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and a correction of that defect will result in a different disposition of the case. *Williams*, 192 F.Supp.2d at 759.  A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F.Supp. 426, 427 (E.D. Mich. 1997).  Motions for Reconsideration must also be filed within fourteen days of the original ruling. E.D. Mich. L.R. 7.1(h)(1).  Plaintiff's Motion was signed on October 26, 2010, and was filed with the Court on November 4, 2010.  This Court finds Plaintiff's Motion timely.

In his *pro se* Complaint, Plaintiff alleged that he was denied medical treatment of his right inguinal hernia at the various facilities in which he had been housed.  He argued that, because of the "non-treatment," he suffered from pain, mental anguish, and emotional stress.  He filed grievances regarding the denial of such care.  He alleged that he was then moved to different facilities in retaliation for filing those grievances.

The Court found that Plaintiff had been treated numerous times at all of the facilities in which he had been housed but was displeased with the treatment.  It concluded that Plaintiff failed to state a claim.

In this Motion for Rehearing, Plaintiff simply outlines various cases which he believes support his position.

The Court denies Plaintiff's Motion, because he is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court dismissed his Complaint.

Because Plaintiff is not entitled to reconsideration of this Court's Opinion and Order, the Court likewise denies his related Motion to Amend his Pleadings.

### III. ORDER

Accordingly, **IT IS ORDERED** that Plaintiff's "Motion for Rehearing" [dkt.# 7] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Amend Pleadings" [dkt. # 8] is **DENIED** as moot.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 7, 2011

The undersigned certifies that a copy of this document was served on the attorneys of record and Michael Latroy Hall by electronic means or U.S. Mail on January 7, 2011.

s/Carol A. Pinegar
Deputy Clerk